**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HENRY TUCKER, ON BEHALF OF HIMSELF AND ALL OTHER PERSONS SIMILARLY SITUATED, | No.: 1-19-cv-09842-RA |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S CLASS ACTION CLAIMS** |
| v. | |
| WHOLE FOODS MARKET GROUP, INC. | |
| Defendant. | |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ............................................................................................................. 3

I.    Legal Standard ................................................................................................... 3

       A.    The Standard For a Motion to Dismiss Under Federal Rule of Civil
           Procedure 12(b)(6). ................................................................................... 3

       B.    The Standard For a Motion to Dismiss Under Federal Rule of Civil
           Procedure 12(b)(1). ................................................................................... 3

       C.    The Standard for a Motion to Strike Under Federal Rule of Civil
           Procedure 12(f). ....................................................................................... 4

II.    Plaintiff Lacks Standing to Pursue Any Claims Against WFM. ......................... 4

       A.    Plaintiff Has Failed to Establish Injury in the Deprivation of Access to
           WFM Goods, Services, and/or Facilities. ................................................. 5

       B.    Plaintiff Lacks Standing with Respect to WFM's Use of Braille as an
           Auxiliary Aid. .......................................................................................... 7

       C.    Plaintiff Fails to Allege That He is Entitled to Independently Use WFM
           Gift Cards. ................................................................................................ 8

III.    WFM's Gift Card is a Product, Not a Place of Public Accommodation, Nor is it
      Meaningfully Integrated With WFM's Physical Locations.  Further, WFM is Only
      Obligated to Provide Effective Communication With Respect to Products Via an
      Auxiliary Aid Where Necessary. ...................................................................... 11

IV.    Importantly, Plaintiff Does Not Allege How WFM Denies Him Access to Its Gift
      Cards or a WFM Store in Violation of the ADA. ............................................. 15

V.    Plaintiff Fails to Plead Discriminatory Motivation Under New York State and
      City Law ........................................................................................................... 17

VI.    Plaintiff's Proposed Classes Are Improper and His Class Allegations Must be
      Stricken. ........................................................................................................... 19

       A.    Plaintiff's Proposed Classes Are Unascertainable. ............................... 20

       B.    Plaintiff's Proposed Description Also Creates Improper Fail-Safe Classes. ........ 23

       C.    Finally, Plaintiff Has Failed to, and Cannot, Allege Facts to Support
           Numerosity ............................................................................................. 24

i

CONCLUSION..................................................................................................................... 24

4831-5672-8753v7
2922176-000072

# TABLE OF AUTHORITIES

**Cases**

*Ajuluchuku v. FedEx Kinko's Office and Print Servs., Inc.*,
   No. 3:05-CV-2417, 2006 WL 6912919 (N.D. Tex. June 30, 2006) ................................ 16

*Alphas v. City of N.Y. Bus. Integrity Comm's*,
   No. 1:15-CV-03424, 2017 WL 1929544 (S.D.N.Y. May 9, 2017) .................................. 3

*Andrews v. Blick Art Materials, LLC*,
   268 F. Supp. 3d 381 (E.D.N.Y. 2017) ................................................................ 11, 12, 17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................................... 3

*Barrus v. Dick's Sporting Goods, Inc.*,
   732 F. Supp. 2d 243 (W.D.N.Y. 2010) ............................................................................ 20

*Bell Alt. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................................... 3

*Burkhart v. Washington Metro. Area Transit Auth.*,
   112 F.3d 1207 (D.C.C. 1997) .......................................................................................... 14

*Camarillo v. Carrols Corp.*,
   518 F.3d 153 (2d Cir. 2008) ........................................................................................ 8, 14

*Daniels v. City of N.Y.*,
   198 F.R.D. 409 (S.D.N.Y. 2001) .................................................................................... 21

*Davis v. Navient Corp.*,
   No. 17-CV-00992, 2018 WL 1603871 (W.D.N.Y. Mar. 12, 2018) ................................ 19

*DeBoard v. Comfort Inn*,
   No. 1:13-CV-00508, 2013 WL 5592418 (S.D. Ind. Oct. 9, 2013) .................................... 7

*Dicarlo v. Walgreens Boot Alliance, Inc.*,
   No. 15-CV-2919, 2016 WL 482982 ................................................................................... 9

*Doe v. Mutual of Omaha Ins. Co.*,
   179 F.3d 557 (7th Cir. 1999) .......................................................................................... 13

*Feldman v. Pro Football, Inc.*,
   419 F App'x 381 (4th Cir. 2011) ..................................................................................... 14

*Felix v. Northstar Location Servs., LLC*,
   290 F.R.D. 397 (W.D.N.Y. 2013) ................................................................................... 21

*Ford v. Schering-Plough Corp.*,
   145 F.3d 601 (3d Cir. 1998)...................................................................... 13

*Forst v. Live Nation Ent. Inc.*,
   No. 14-2452, 2015 WL 858314 (D. N.J. Feb. 27, 2015) ................................... 20

*Frankeberger v. Starwood Hotels and Resorts Worldwide, Inc.*,
   No. C09-1827RSL, 2010 WL 2217871 (W.D. Wa. June 1, 2010)..................... 16

*Funches v. Barra*,
   No. 14-CV-7382, 2016 WL 2939165 (S.D.N.Y. May 17, 2016) ............... 13, 15

*Goel v. Coalition Am. Holdings Co. Inc.*,
   No. CV 11-2349, 2011 WL 13128300 (C.D. Cal. July 5, 2011) ..................... 22

*Harty v. Simon Prop. Grp., L.P.*,
   428 F App'x 69 (2d Cir. 2011) .......................................................................... 5

*Haynes v. Kohl's Dept. Stores, Inc.*,
   391 F. Supp. 3d 1128 (S.D. Fla. 2018) ............................................................. 15

*Hicks v. T.L. Cannon Corp.*,
   3 F. Supp. 3d 329 (W.D.N.Y. 2014)................................................................ 23

*Hidalgo v. Johnson & Johnson Cons. Cos., Inc.*,
   148 F. Supp. 3d 285 (S.D.N.Y. 2015)................................................................ 4

*John v. Nat'l Sec. Fire and Cas. Co.*,
   501 F.3d 443 (5th Cir. 2007) ......................................................................... 19

*Kassman v. KPMG LLP*,
   925 F. Supp. 2d 453 (S.D.N.Y. Feb. 7, 2013)................................................... 4

*Keepers, Inc. v. City of Millford*,
   807 F.3d 24 (2d Cir. 2015)................................................................................ 4

*Kissling v. Ohio Cas. Ins. Co.*,
   No. 5:10-22, 2010 WL 1978862 (E.D. Ky. May 14, 2010)............................. 23

*Kreisler v. Second Ave. Diner Corp.*,
   No. 10-CV-7592, 2011 WL 4686500 (S.D.N.Y. Oct. 5, 2011)......................... 5

*Ludwig's Drug Store, Inc. v. Forest City Enters., Inc.*,
   No. 13-CV-6045, 2016 WL 915102 (E.D.N.Y. Mar. 4, 2016)......................... 17

*Matson v. Bd. of Educ.*,
   631 F.3d 57 (2d Cir. 2011)................................................................................ 3

iv

*McCrary v. Stifel, Nicolaus, & Co.*,
    687 F.3d 1052 (8th Cir. 2012) ........................................................... 19

*McPeaks v. S-L Dist. Co., Inc.*,
    No. 12-348, 2014 WL 4388562 (D. N.J. Sept. 5, 2014) ................................. 21

*Mental Disability Law Clinic v. Hogan*,
    No. CV-06-6320, 2008 WL 4104460 (E.D.N.Y. Aug. 8, 2008) .............................. 20, 22

*Middendorf v. West Chester Hosp., LLC*,
    No. 1:15-CV-439, 2017 WL 3172736 (S.D. Ohio July 26, 2017).................................. 24

*Nat'l Fed. of the Blind v. Target Corp.*,
    452 F. Supp. 2d 946 (N.D. Cal. 2006) ........................................................... 12

*New v. Lucky Brand Dungarees Stores, Inc.*,
    1 F. Supp. 3d 1284 (S.D. Fla. 2014) ........................................................... 10

*Nieblas-Love v. N.Y.C. Hous. Auth.*,
    165 F. Supp. 3d 51 (S.D.N.Y. 2016).......................................................... 17

*Papa John's Emp. and Franchisee Emp. Antitrust Litig.*,
    No. 3:18-CV-00825, 2019 WL 5386484 (W.D. Ky. Oct. 21, 2019) .............................. 10

*Pecere v. Empire Blue Cross and Blue Shield*,
    194 F.R.D. 66 (E.D.N.Y. 2000)........................................................... 24

*Perdum v. Forest City Ratner Cos.*,
    677 F. App'x 2 (2d Cir. 2017) ........................................................... 6

*Petrano v. Nationwide Mut. Fire Ins. Co.*,
    No. 1:12-CV-86, 2013 WL 1325045 (N.D. Fla. Jan. 24, 2013) ...................................... 14

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) ........................................................... 19

*Richardson v. Palm Club Assoc., Inc.*,
    No. 3:07-CV-01216, 2009 WL 10670171 (M.D. Fla. Feb. 20, 2009)............................ 16

*Ross v. Port Chester Hous. Auth.*,
    No. 17-CV-4770, 2019 WL 4738941 (S.D.N.Y. Sept. 27, 2019).................................... 19

*Schilling v. Kenton County, Ky.*,
    No. 10-143, 2011 WL 293759 (E.D. Ky. Jan. 27, 2011)........................................... 22, 23

*Small v. General Nutrition Cos., Inc.*,
    388 F. Supp. 2d 83 (E.D.N.Y. 2005) ........................................................... 5, 6

v

*Sony Fin. Servs., LLC v. Multi Video Group, Ltd.*,
  No. 03Civ.1730, 2003 WL 22928602 (S.D.N.Y. Dec. 12, 2003)...................................... 4

*Spread Enters., Inc. v. First Data Merch. Servs. Corp.*,
  298 F.R.D. 54 (E.D.N.Y. 2014) ...................................................................................... 23

*Suvino v. Time Warner Cable, Inc.*,
  No. 16-CV-7046, 2017 WL 3834777 (S.D.N.Y. Aug. 31, 2017)..................................... 8

*Tsirelman v. Daines*,
  794 F.3d 310 (2d Cir. 2015).......................................................................................... 3

*West v. Five Guys Enters., LLC*,
  No. 15-CV-02845, 2016 WL 482981 (S.D.N.Y. Feb. 5, 2016)........................................ 9

*West v. Moe's Franchisor, LLC*,
  No. 15-CV-2846, 2015 WL 8484567 (S.D.N.Y. Dec. 9, 2015) ........................ 7, 9, 14, 22

*Weyer v. Twentieth Century Fox Film Corp.*,
  198 F.3d 1104 (9th Cir. 1999) ...................................................................................... 13

*Woods-Early v. Corning Inc.*,
  330 F.R.D. 117 (W.D.N.Y. 2019)................................................................................... 19

*Xavier v. Belfor Group USA, Inc.*,
  254 F.R.D. 281 (E.D. La. 2008)..................................................................................... 19

**Statutes**

42 U.S.C. § 12181(7) ............................................................................................................ 11

42 U.S.C. § 12182(a) ............................................................................................................ 15

42 U.S.C. §12101 ................................................................................................................... 1

**Other Authorities**

28 C.F.R. § 36.303 ........................................................................................................... 8, 15

28 C.F.R. § 36.307(a) .......................................................................................................... 13

28 C.F.R. § 36.307, App. C ................................................................................................. 15

28 C.F.R. Pt. 36, App. C ....................................................................................................... 7

29 C.F.R. § 36.303(c)(ii) ....................................................................................................... 8

36 C.F.R. Pt. 1191, App. D................................................................................................... 9

4831-5672-8753v7
2922176-000072

Federal Rules of Civil Procedure 12(b)(1).................................................................. 1, 2, 3

Federal Rules of Civil Procedure 12(b)(6)................................................................ passim

Federal Rules of Civil Procedure 12(f)........................................................................ 1, 2, 4

Federal Rules of Civil Procedure 23(d)(1)(D) ................................................................ 19

N.Y. Executive Law § 296(2) .......................................................................................... 17

N.Y.C. Admin. Code § 8-107(4)(a) .................................................................................. 17

4831-5672-8753v7
2922176-000072

## PRELIMINARY STATEMENT

Defendant Whole Foods Market Group, Inc. ("WFM") respectfully asks the Court to dismiss this case in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, to strike Plaintiff's class action allegations pursuant to Federal Rule of Civil Procedure 12(f).

WFM is committed to accessibility for all of its customers. WFM takes many steps to ensure that customers of all abilities have access to WFM stores and the assistance they require to shop in those stores. Plaintiff, who alleges he is a visually-impaired and legally blind person, claims that WFM violated Title III of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") by failing to sell WFM gift cards embossed with Braille, a highly specific act not required by the ADA or state anti-discrimination statutes. Specifically, Plaintiff alleges that WFM's "denial of full and equal access to its store gift cards, and therefore denial of its products and services offered thereby in conjunction with its physical locations, is a violation of Plaintiff's rights under the [ADA]." *Amended Complaint*, Doc. 20, ¶ 4. He brings identical claims under the New York State Human Rights Law (NYSHRL) and the New York City Human Rights Law (NYCHRL).

Plaintiff's claims rest on three novel legal assertions, none of which have merit: (1) that WFM gift cards are integrated with physical WFM stores such that the cards themselves constitute a place of public accommodation; (2) that by failing to sell Braille-embossed WFM gift cards, WFM has effectively denied Plaintiff equal access to WFM stores; and (3) that by failing to offer WFM Braille-embossed gift cards to its blind and/or visually-impaired customers, WFM has alternatively denied them a mandatory auxiliary aid. Plaintiff's state and federal claims (and those of his proposed classes) fail, as a threshold matter, because he has not suffered any injury-in-fact.

1

As discussed below, Plaintiff has precisely the same access to WFM stores as a customer with a gift card.  As such, Plaintiff lacks standing and this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) .

Even if Plaintiff had standing, the claims made in Plaintiff's Amended Complaint ("Complaint") also fail, pursuant to Federal Rule of Civil Procedure 12(b)(6) , to state a claim upon which relief may be granted. Among other things, Plaintiff's Complaint fails to establish that gift cards embossed with Braille are so critically intertwined with WFM physical locations as to constitute a place of public accommodation, such that their unavailability constitutes the deprivation of access to WFM goods, services, and facilities, including obligatory auxiliary aids. On the contrary, WFM gift cards are merely a product sold by WFM, and a finding that they must be issued in Braille would lead to the logical but ultimately absurd conclusion that retail products themselves must bear Braille. Additionally, Plaintiff failed to sufficiently plead discriminatory intent with respect to his New York State and New York City claims.

Finally, Plaintiff's proposed classes are deficient as a matter of law, and his class allegations should be stricken pursuant to Federal Rule of Civil Procedure 12(f) . Plaintiff's proposed class definitions are based on vague and subjective elements and fail to specify a particular injury suffered by the classes, rendering the classes unascertainable. Additionally, Plaintiff's proposed definition creates improper fail-safe classes and makes it impossible to establish numerosity.

WFM welcomes disabled persons such as Plaintiff to its stores and has ensured access to WFM goods and services.  But Plaintiff's novel attempt to recast gift cards as places of public accommodation, and as critical to his ability to access WFM stores, is neither reasonable nor legally supportable.  Plaintiff cannot be permitted to create his own barrier to access merely

2

because he prefers one form of payment (gift cards) over another (cash or credit). Accordingly, this case should be dismissed.

## ARGUMENT

### I.    Legal Standard

#### A.    The Standard For a Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) , a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015). To survive this stage of litigation, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is only plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although allegations in the complaint are treated as true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

#### B.    The Standard For a Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1).

The standard of review for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is "substantively identical to Rule 12(b)(6)  motions, but the key difference is that the movant bears the burden of proof on a 12(b)(6) motion but the plaintiff invoking the court's jurisdiction bears the burden on a 12(b)(1) motion." *Alphas v. City of N.Y. Bus. Integrity Comm's*, No. 1:15-CV-03424, 2017 WL 1929544, at *2 (S.D.N.Y. May 9, 2017).  *Accord Keepers, Inc. v.*

*City of Milford*, 807 F.3d 24, 38 (2d Cir. 2015) ("The party invoking federal jurisdiction bears the burden of establishing prudential and constitutional standing . . .").

### C.   The Standard for a Motion to Strike Under Federal Rule of Civil Procedure 12(f).

 Federal Rule of Civil Procedure 12(f) allows this Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike class allegations is procedurally permissible at the pleading stage. *See Hidalgo v. Johnson & Johnson Cons. Cos., Inc.*, 148 F. Supp. 3d 285, 292-93 (S.D.N.Y. 2015). Class certification challenged solely on the pleadings is evaluated using a plausibility standard akin to that applied to Rule 12(b)(6) motions. *See Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 464 (S.D.N.Y. Feb. 7, 2013) (proper inquiry is "whether, based on the allegations in the [complaint], it is plausible that plaintiffs will come forth with sufficient evidence at the class certification stage to demonstrate [the requirements of Rule 23]"); *Sony Fin. Servs., LLC v. Multi Video Group, Ltd.*, No. 03Civ.1730, 2003 WL 22928602, at *8 (S.D.N.Y. Dec. 12, 2003) (standard for motion to strike under Rule 12(f)  "is a mirror image of the rule governing a motion to dismiss for failure to state a claim"). Class allegations must be stricken where "from the face of the complaint . . . it would be impossible to certify the alleged class regardless of the facts the plaintiffs may be able to obtain during discovery." *Hidalgo*, 148 F. Supp. 3d at 292-93 ("[A] motion to strike that addresses issues separate and apart from the issues that will be decided on a class certification motion is not procedurally premature.").

## II.   <u>Plaintiff Lacks Standing to Pursue Any Claims Against WFM.</u>

A plaintiff must establish standing by demonstrating "an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Harty v. Simon Prop. Grp.*,

4831-5672-8753v7
2922176-000072

*L.P.*, 428 F App'x 69, 71 (2d Cir. 2011) (internal quotations and citations omitted).  For claims seeking injunctive relief for lack of access to a place of public accommodation under the ADA, a plaintiff must establish standing by: "(1) alleg[ing] past injury under the ADA; (2) show[ing] that it is reasonable to infer from [the] complaint that this discriminatory treatment will continue; and (3) show[ing] that it is reasonable to infer, based on the past frequency of [his] visits and the proximity of the public accommodation to [his] home, that [he] intends to return to the public accommodation in the future." *Id.*  (internal quotations and citations omitted).

A.   **Plaintiff Has Failed to Establish Injury in the Deprivation of Access to WFM Goods, Services, and/or Facilities.**

Plaintiff has not and cannot demonstrate that he suffered a cognizable injury under the ADA. An injury-in-fact under Title III of the ADA exists where plaintiffs "have encountered barriers to a public accommodations" and "if they show a plausible intention or desire to return to the place but for the barriers to access." *Small v. General Nutrition Cos., Inc.*, 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005); *see also Kreisler v. Second Ave. Diner Corp.*, No. 10-CV-7592, 2011 WL 4686500, at *2 (S.D.N.Y. Oct. 5, 2011) (standing existed where plaintiff alleged that a barrier "deters access to, or full use and enjoyment of, a place of public accommodation").

While Plaintiff makes blanket and conclusory assertions that WFM's failure to stock Braille-embossed WFM gift cards injures him by deterring his access to WFM's goods, services, and physical locations, he asserts no specific or plausible allegations as to how this is, or could reasonably be, so. Plaintiff merely alleges that he "cannot fully and equally use or enjoy the facilities, goods, and services Defendant offers to the public at its grocery stores" on account of its failure to sell Braille-embossed WFM gift cards. *Compl.*, ¶ 29.  But Plaintiff provides no facts explaining how the existence of a Braille-embossed WFM gift card would provide him with access

5

to WFM's physical locations in such a way that its absence deprives him of the same.

In fact, his claims imply the opposite.  Taken at face value, Plaintiff appears to argue that: (1) he is able to enter a WFM establishment without possessing a WFM gift card; (2) he was able to effectively communicate with a WFM employee to determine that WFM does not sell its branded gift cards in Braille-embossed format; (3) if WFM offered its own gift cards embossed with Braille, he would be able to purchase one with cash, a credit card or a debit card; but that (4) because it doesn't, he is now unable to purchase WFM goods or services with the same cash, credit card, or debit card; and thus (5) his ability to utilize WFM as a place of public accommodation is materially impaired.  This argument belies common sense. Without more, Plaintiff's unsupported statements fail to establish standing because they do not plausibly explain how he has been injured and deprived of access WFM's facilities or the goods or services provided therein. *See Perdum v. Forest City Ratner Cos.*, 677 F. App'x 2, 3 (2d Cir. 2017) (no standing where complained-of acts "posed no obstacle to [plaintiff's] access to the places of public accommodation here at issue").

Plaintiff also fails to allege any facts that would establish a plausible inference that he has visited WFM's locations in the past and was denied equal access because of a lack of Braille-embossed gift cards.  In fact, Plaintiff's claims are devoid of any reference to any physical interaction he had with a WFM location, or any deprivation of access that injured him. Plaintiff merely obliquely asserts that he lives near a WFM location. *Compl.*, ¶¶ 19, 22, 30. Specifically, he does not assert how he was, is, or will be deterred from visiting this or any other WFM store. As such, Plaintiff fails to allege an "actual or imminent" injury establishing harm; and his mere reference to the fact that he lives near a WFM location is plainly not enough. *See General Nutrition Cos., Inc.*, 388 F. Supp. 2d at 89 (no standing where plaintiff did not "establish something more than a general desire to patronize [defendant's] stores . . . petitioner must establish that but for the

barrier at a particular store, he would visit the store in the imminent future . . . a plaintiff's showing that he lives in close proximity to the public accommodations he is challenging is clearly insufficient to establish standing under Title III of the ADA"); *DeBoard v. Comfort Inn*, No. 1:13-CV-00508, 2013 WL 5592418, at *2 (S.D. Ind. Oct. 9, 2013) (to confer standing, the "intent to return 'someday' is insufficient; there should be a likelihood that the plaintiff will visit the building in question 'in the imminent future.'").

**B.     Plaintiff Lacks Standing with Respect to WFM's Use of Braille as an Auxiliary Aid.**

Similarly, Plaintiff has failed to, and cannot, identify any injury tied to WFM's purported failure to ensure effective communication by failing to sell Braille-embossed WFM gift cards. While the ADA provides for auxiliary aids, neither it nor any implementing regulations from the Department of Justice ("DOJ") specify any *particular* auxiliary aid that must be available, nor does it provide that plaintiffs may require any particular aids. *See West v. Moe's Franchisor, LLC*, No. 15-CV-2846, 2015 WL 8484567, at *2 (S.D.N.Y. Dec. 9, 2015) (Pauley, J.) (quoting 28 C.F.R. Pt. 36, App. C) ("The auxiliary aid requirement is a flexible one. A public accommodation can choose among various alternatives as long as the result is effective communication.").

Here, Plaintiff narrowly alleges *only* that WFM does not provide a specific, isolated type of auxiliary aid—Braille-embossed WFM gift cards.  Notably absent from Plaintiff's Complaint is an assertion that he is injured because WFM provided him with *no* auxiliary aid or that WFM's other aids failed to ensure effective communication. DOJ regulations list many types of effective auxiliary aids that provide access to individuals with visual impairments, such as "[q]ualified readers, taped texts, audio recordings, screen reader software, magnification software, optical readers, secondary auditory programs, large print materials, . . . or *any other effective methods* of

7

making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303 (emphasis added).  Likewise, Plaintiff's conclusory and unsupported assertion that WFM may not have trained its employees to assist customers with visual impairments to use WFM gift cards, *Compl.*, ¶ 43, pertains only to that same aid (gift cards).  Plaintiff does not allege (nor could he) that WFM employees are not trained with respect to auxiliary aids and how to assist customers with visual or other impairments.

Plaintiff's failure to allege that WFM provides him with *no* auxiliary aid is critical.  The ADA does not entitle Plaintiff to the use of an auxiliary aid of his choice, only to effective communication.  Plaintiff has not pleaded a cognizable injury from the lack of effective communication. *Cf. Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) (standing existed where plaintiff alleged that defendant restaurants "provided neither a large print menu that she could read, *nor any other means* to ensure effective communication of menu options") (emphasis added); *Suvino v. Time Warner Cable, Inc.*, No. 16-CV-7046, 2017 WL 3834777, at *2 (S.D.N.Y. Aug. 31, 2017) (Swain, J.) (same).  Because Plaintiff has pled no cognizable injury, this Court lacks subject matter jurisdiction to hear his claim.

### C.     Plaintiff Fails to Allege That He is Entitled to Independently Use WFM Gift Cards.

Plaintiff's Complaint can also be read to allege that he is injured because he is unable to *independently* use a non-Braille-embossed WFM gift card.  *See Compl.*, ¶¶ 4, 31-32, 36, 41-42. Indeed, based on conversations with Plaintiff's counsel, Defendant understands this to be the thrust of his claims.  However, this claim also fails for lack of standing.

To be sure, the DOJ regulations do require places of public accommodation to consider "the privacy and independence of the individual with a disability." 29 C.F.R. § 36.303(c)(ii).  But

this Court has applied this suggestion cautiously, on a case-by-case basis only, with close attention to the particular privacy concerns associated with the accommodation.  No such concerns present themselves here.

For example, independence and privacy considerations were analyzed in this context in *West*, which raised claims similar to those presented here.  In that case, the plaintiff claimed that he was denied equal access to the defendant fast food chain's touch screen drink dispenser because he could not use the dispenser without the assistance of defendant's personnel. 2015 WL 8484567, at *2. In so doing, the plaintiff likened the defendant's drink machine to an ATM, arguing that, like an ATM, a dispenser must enable full, independent use by employing tactile controls. *Id.* This Court summarily rejected the *West* plaintiff's argument, holding that "while the heightened privacy concerns implicated by the use of ATMs necessitate full independence, the same cannot be said about beverage dispensers." *Id.* at *3.[1] It then went still further, reasoning that "[n]othing in the ADA or its implementing regulations supports Plaintiffs' argument that [defendant] must alter its [drink machines] in a way that allows blind individuals to retrieve beverages without assistance." *Id.*; *see also Dicarlo v. Walgreens Boot Alliance, Inc.*, No. 15-CV-2919, 2016 WL 482982, at *2 (S.D.N.Y. Feb. 5, 2016) (Oetken, J.) (dismissing claim that blind patron was unable to independently use soda machine; "the ADA does not necessarily require [defendant] to use technology that allows [plaintiff] to operate the machine independently"); *West v. Five Guys Enters., LLC*, No. 15-CV-02845, 2016 WL 482981, at *1 (S.D.N.Y. Feb. 5, 2016) (Oetken, J.) (same).

---

[1] Judge Pauley highlighted this distinction, noting that "the ADA sets forth specific requirements regarding ATMs." *West*, 2015 WL 8484567, at *5 n.3 (citing 36 C.F.R. Pt. 1191, App. D. § 707). No such regulations exist for POS devices, much less gift cards.

9

Independence and privacy issues were also considered with respect to the use of debit cards and point-of-sale ("POS") devices in *New v. Lucky Brand Dungarees Stores, Inc.*, 51 F. Supp. 3d 1284 (S.D. Fla. 2014). While the plaintiff's claims were dismissed on standing grounds, rendering the auxiliary aid issue moot, the DOJ filed a Statement of Interest in the case, urging that:

> [i]nherent in POS transactions are customer concerns about the confidentiality and security of private financial information, and in his Complaint, [plaintiff] cites to the legitimate threat to his . . . financial security by having to provide a PIN to [defendant's employee] to process a debit card transaction. Thus, considerations such as the security of otherwise confidential banking or financial information are important in determining what auxiliary aid or service would be appropriate.

*Id.,* Statement of Interest of the U.S., ECF No. 19 at 10-11.[2]

As in *West* and *New*, Plaintiff here appears to imply that WFM gift cards also contain confidential personal or financial information. They do not. Further, the DOJ Statement of Interest filed in *New*, on which Plaintiff's counsel has informed the undersigned he bases much of his legal reasoning, is entitled to little to no weight whatsoever, even in the *New* case, much less this one. *See In re Papa John's Emp. and Franchisee Emp. Antitrust Litig.*, No. 3:18-CV-00825, 2019 WL 5386484 (W.D. Ky. Oct. 21, 2019) , at *5 (W.D. Ky. Oct. 21, 2019) ("The Court will not . . . abdicate its duty to apply the law to the facts of this case by blindly deferring to the DOJ's analysis of distinct factual scenarios.").[3] Moreover, the DOJ has not elected to file such a Statement in this case. Perhaps that is because, in *New*, the DOJ's interest was largely confined to allegations that the defendant's POS devices were inaccessible. Statement of Interest of the U.S. at 6-13, *New*, ECF No. 19. No such technology is challenged here.

---

[2] To be clear, accessibility and privacy are independent, and equally important, issues. WFM strives to provide all customers access whether or not it raises concerns, while, at the same time, always working to safeguard customers' privacy.

[3] Notably, this Statement of Interest, filed in 2014, has never been relied upon or cited in any opinion for its request that courts consider independence and privacy in their auxiliary aid analysis.

If Plaintiff potentially must rely on a WFM employee to hand him a WFM gift card, or the help of any other auxiliary aid, that is not materially different than what he would encounter at a soda dispenser. Plaintiff has not alleged (plausibly or otherwise) that he would need to reveal any confidential information about himself, the gift card's ultimate recipient, or anyone's financial condition to obtain or use a non-Braille-embossed gift card.  As such, he has not plausibly alleged a basis for standing under the ADA.

III.    **WFM's Gift Card is a Product, Not a Place of Public Accommodation, Nor is it Meaningfully Integrated With WFM's Physical Locations.  Further, WFM is Only Obligated to Provide Effective Communication With Respect to Products Via an Auxiliary Aid Where Necessary.**

Plaintiff's claims are premised on the assertion that "store gift cards are a service that is integrated with [WFM] locations." *Compl.*, ¶ 57. In effect, Plaintiff argues that WFM's gift card itself somehow constitutes a place of public accommodation, or that it affords particularized access to WFM's physical facilities that render the ADA independently applicable to its gift cards as more than just a good.

WFM's gift cards are not places of public accommodation. Title III of the ADA defines places of public accommodation, in part, by listing twelve types of "private entities" that are "considered public accommodations for the purposes of [Title III], if the operations of such entities affect commerce." 42 U.S.C. § 12181(7). Every such example is a physical structure.  By contrast, nothing in the ADA's text or its implementing regulations suggest that a gift card can be so embedded with a physical structure as to cause the card to fall under the ADA's guidelines.

In limited circumstances, courts have expanded the ADA's applicability beyond mere physical structures, sometimes in the context of a place of public accommodation's website. *See, e.g., Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 393-96 (E.D.N.Y. 2017).  For

11

example, some retailers' websites have been held to constitute places of public accommodation because they "operate as a gateway to . . . physical store locations." *Id.* at 389 (internal citations omitted).  Such rulings tend to emphasize that stores' websites may be used to "purchase many of the items available in [defendants' stores] . . . [and] allow a customer to perform functions related to [defendants' stores] [including] access[ing] information on store locations and hours, refill[ing] a prescription or order[ing] photo prints for pick-up at a store." *Nat'l Fed. of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 949 (N.D. Cal. 2006). Those cases do not apply here.

WFM gift cards, by contrast, do not expand access to physical locations, provide any particularized service or benefit, or offer any additional transactional functionality.  By using cash or credit, a customer who lacks a gift card (Braille-embossed or otherwise) can still enjoy the same access to a place of public accommodation as a person with a gift card.  A gift card is just one (and by far the least common) form of payment.  In fact, Plaintiff's sole allegation about the benefit afforded by WFM gift cards is that the "gift card is treated like cash in that it may be used to make a purchase of goods and services at the Defendant's grocery locations or through the Defendant's website."[4] *Compl.*, ¶ 20.  As such, Plaintiff acknowledges that WFM gift cards are simply a form of payment and offer WFM customers the very same access as cash. (And it is worth noting that physical currency is not, of course, Braille-embossed). And while Plaintiff later alleges that he is precluded from accessing the "numerous goods, services, and benefits offered to the public through the Defendant's store gift cards," *Compl.*, ¶ 27, he specifies no particular good, benefit, or service uniquely tied to a WFM gift card.  Nor is there any inherent aspect of a gift card that alters how consumers enjoy physical WFM locations or access its goods and services.

---

[4] In fact, this allegation is incorrect. WFM gift cards cannot be used on WFM websites.

Instead, WFM gift cards are a good that WFM sells and a form of payment.  They do not serve as a unique conduit to any other good or service WFM offers. As to its goods and services, such as gift cards, WFM is only obligated to provide equal access and to ensure effective communication is available to enable such access.  It is not required to change its products, nor is it restricted to the use of one specific auxiliary aid, such as Braille. "[T]he ADA does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided." *Funches*, 2016 WL 2939165, at *4; *see also* 28 C.F.R. § 36.307(a) ("This part does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities."); *Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999) ("The common sense of the statute is that the content of the goods or services offered by a place of public accommodation is not regulated. A camera store may not refuse to sell cameras to a disabled person, but it is not required to stock cameras specially designed for such persons. Had Congress purposed to impose so enormous a burden on the retail sector of the economy and so vast a supervisory responsibility on the federal courts, we think it would have made its intention clearer and would at least have imposed some standards."); *Weyer v. Twentieth Century Fox Film Corp.*,198 F.3d 1104, 1115 (9th Cir. 1999) (ADA Title III "does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided."); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998) ("Just as a bookstore must be accessible to the disabled but need not treat the disabled equally in terms of books the store stocks, likewise an insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled."). To the extent Plaintiff seeks wholesale injunctive relief requiring WFM to provide specialized Braille-embossed gift cards for the visually impaired, this claim also fails as a matter of law.

13

WFM is not required to use any specific type of auxiliary aid, such as Braille, to satisfy its effective communication obligation; and Plaintiff fails to allege that WFM provides ineffective communication. "The auxiliary aid requirement is a flexible one. A public accommodation can choose among various alternatives as long as the result is effective communication." *West*, 2015 WL 8484567, at *2 (quoting 28 C.F.R. § Pt. 36, App. C); *Camarillo v. Carrols Corp.*, 518 F.3d 153, 157 (2d Cir. 2008)  ("While restaurants are not necessarily required to have on hand large print menus that [plaintiff] would be able to read, they are required to ensure that their menu options are effectively communicated to individuals who ... are legally blind."). *See also Feldman v. Pro Football, Inc.*, 419 F App'x 381, 392 (4th Cir. 2011) ("we do not require the auxiliary aids and services to take a particular form"); *Petrano v. Nationwide Mut. Fire Ins. Co.*, No. 1:12-CV-86, 2013 WL 1325045, at *8 (N.D. Fla. Jan. 24, 2013) ("Under the plain language of the regulations . . . no single form of auxiliary aid and no single type of communication is mandated."); *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("[N]othing in the ADA itself or its implementing regulations dictates that a disabled individual must be provided with the type of auxiliary aid or service he requests . . ."). In fact, the Appendix to the DOJ regulations interpreting the ADA sets out the following example that starkly refutes Plaintiff's claim: "For example, . . . a clothing boutique would not be required to have Brailled price tags if sales personnel provide price information orally upon request; and a bookstore would not be required to make available a sign language interpreter, because effective communication can be conducted by notepad." 28 C.F.R. § Pt. 36, App. C.

WFM is obligated to ensure effective communication via auxiliary aids as necessary with respect to its goods. Plaintiff does not allege that WFM lacks effective communication to ensure access to its gift cards -- a WFM product -- or that WFM provides no auxiliary aid to its visually-

14

impaired customers.  He merely avers that WFM does not provide the specific auxiliary aid he prefers.[5] As the law does not require WFM to do so, this claim fails as a matter of law.

## IV.    Importantly, Plaintiff Does Not Allege How WFM Denies Him Access to Its Gift Cards or a WFM Store in Violation of the ADA.

Title III of the ADA requires places of public accommodation to ensure only the "full and equal enjoyment" of their goods, services, and facilities. 42 U.S.C. § 12182(a). To state a claim under this provision, a plaintiff must allege that: (1) he is disabled within the meaning of the ADA; (2) WFM owns, leases, or operates a place of public accommodation; and (3) WFM discriminated against him by denying him a full and equal opportunity to access the goods or services WFM provides. *Blick Art Materials, LLC*, 268 F. Supp. 3d at 387.  Notably, "the purpose of Title III of the ADA 'is to ensure accessibility to the goods offered by a place of public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided.'" *Funches v. Barra*, No. 14-CV-7382, 2016 WL 2939165, at *4 (S.D.N.Y. May 17, 2016)  (quoting Commentary on 28 C.F.R. § 36.307, App. C). In short, for his claim to survive as a matter of law, Plaintiff must allege that WFM's gift card "provides access to a benefit of Defendant's physical stores, and . . . Plaintiff was denied access to that benefit when he could not access" it. *Haynes v. Kohl's Dept. Stores, Inc.*, 391 F. Supp. 3d 1128, 1134 (S.D. Fla. 2018).

While Plaintiff has alleged, without any evidence, that Braille-embossed WFM gift cards would potentially be more convenient for customers with visual impairments to use than another form of payment, he does not plausibly plead that WFM precluded him from accessing its cards, or that it otherwise denied him access to its physical locations.  Instead, Plaintiff makes only

---

[5] *See supra*, p. 6, n.2; 28 C.F.R. § 36.303. Similarly, Plaintiff's conclusory allegation that WFM might not have trained its employees to assist the visually-impaired with the use of WFM gift cards pertains only to one particular auxiliary aid and does not otherwise serve as the basis for a viable claim. *Compl.*, ¶ 43.

conclusory, unsupported allegations concerning inaccessibility, such as "[d]ue to Defendant's failure and refusal to remove access barriers to its store gift cards, Plaintiff and visually-impaired persons have been and are still being denied equal access to Defendant's grocery stores and the numerous goods, services, and benefits offered to the public through the Defendant's store gift cards." *Compl.*, ¶ 27.  At no point in his Complaint does Plaintiff allege that WFM "refused" to offer him a gift card.  Plaintiff only alleges that he inquired as to whether WFM offers Braille-embossed gift cards, to which WFM employees responded that it does not. *Compl.*, ¶ 11.

Plaintiff similarly fails to explain how the absence of a WFM Braille-embossed gift card has denied him access to WFM's goods and/or services, why he cannot obtain and use non-Braille-embossed WFM gift cards, or how the absence of this product has impaired his ability to enter WFM's facilities or conduct business there because of his visual impairment.[6]  *See Frankeberger v. Starwood Hotels and Resorts Worldwide, Inc.*, No. C09-1827RSL, 2010 WL 2217871, at *3 (W.D. Wa. June 1, 2010) (claims dismissed where "[d]espite claiming that they received unequal services, plaintiffs have offered no evidence in support of that claim . . . plaintiffs have also failed to provide any evidence that [their] disability was a substantial factor causing the discrimination"); *Ajuluchuku v. FedEx Kinko's Office and Print Servs., Inc.*, No. 3:05-CV-2417, 2006 WL 6912919, at *3 (N.D. Tex. June 30, 2006) (same; plaintiff failed to "describe a situation in which she was deprived of goods or services because of her disability") (emphasis added); *cf. Richardson v. Palm Club Assoc., Inc.*, No. 3:07-CV-01216, 2009 WL 10670171, at *2 (M.D. Fla. Feb. 20, 2009)

---

[6] Similarly, while Plaintiff asserts that WFM might not train its employees to assist the visually-impaired with the use of WFM gift cards, he once again does not explain how, even if it were true, this failing constitutes a wholesale denial of his access to WFM gift cards, WFM stores, or WFM services and benefits, such that he is deterred from conducting business at WFM. *See Compl.*, ¶ 43.

(plaintiff successfully stated a claim where he "outlined the specific areas to which he was denied access due to . . . barriers").

## V.   Plaintiff Fails to Plead Discriminatory Motivation Under New York State and City <u>Law</u>.

In addition to invoking the ADA, Plaintiff claims that the unavailability of WFM Braille-embossed gift cards discriminates against him and other purportedly similarly-situated individuals in contravention of the public accommodation provisions of both the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 296(2), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4)(a). "In general, disability discrimination claims under the NYSHRL rise or fall in tandem with disability discrimination claims brought pursuant to the federal ADA." *Blick Art Materials, LLC*, 268 F. Supp. 3d at 398. As such, WFM asserts that the preceding arguments fatally undermine Plaintiff's NYSHRL claim.

Additionally, to state a discrimination claim under the NYSHRL, Plaintiff must "sufficiently allege that the defendant intended to discriminate on the basis of "the protected category" to survive dismissal under Rule 12(b)(6) . *See Ludwig's Drug Store, Inc. v. Forest City Enters., Inc.*, No. 13-CV-6045, 2016 WL 915102, at *19 (E.D.N.Y. Mar. 4, 2016) ("A plaintiff's naked allegation that the defendant acted based on the plaintiff's [protected category] is too conclusory to survive a motion to dismiss"). In *Ludwig's Drug Store*, the plaintiffs' NYSHRL claims were dismissed for failure to state a claim, notwithstanding their detailed facts asserting that they were allegedly treated differently than members of a non-protected class, because they "failed to allege facts supporting a plausible inference that [defendant's] alleged [conduct] was motivated by discriminatory intent." *Id.* at *17.  *Accord Nieblas-Love v. N.Y.C. Hous. Auth.*, 165 F. Supp. 3d 51, 68 (S.D.N.Y. 2016) (NYSHRL claims failed where plaintiff "offer[ed] nothing but

bare speculation to link [defendant's] behavior to any discriminatory motive or intent").[7]

Here, Plaintiff fails to offer up any facts to plausibly connect the unavailability of WFM Braille-embossed gift cards to any discriminatory intent on its part.  Instead, he summarily contends that WFM intentionally discriminated against him by developing, marketing, and selling its gift cards without Braille, and that in doing so, WFM must have known that this practice was discriminatory. *Compl.*, ¶ 70(a) – (c). This is identical to the conclusory assertions that the *Ludwig's Drug Store* Court rejected.  Countless nondiscriminatory reasons could exist as to why WFM would develop, market, and sell non-Braille-embossed gift cards, including cost and a lack of widespread demand.[8]

Respecting Plaintiff's NYCHRL claim, courts must analyze this law "separately and independently from any federal and state law claims," and its provisions should be broadly construed. *Ludwig's Drug Store, Inc.*, 2016 WL915102, at *19. However, "even under this more liberal pleading standard, a plaintiff must still plausibly allege that he was subjected to unequal treatment because of his protected characteristic." *Id.* For example, the *Ludwig's Drug Store* plaintiffs' NYCHRL claims were dismissed for failure to allege sufficient facts supporting a discriminatory motive.  Plaintiff's NYCHRL claim against WFM deserves the same outcome. Plaintiff's failure to plausibly tie WFM's lack of Braille-embossed WFM gift cards to any discriminatory motive whatsoever flunks even this more permissive law's pleading requirements.

---

[7] While *Ludwig's Drug Store* concerns racial discrimination as opposed to disability discrimination, the same analysis applies.  This is also true respecting *Nieblas-Love,* which concerned a sexually hostile work environment.

[8] According to the National Federal of the Blind, in 2009, "fewer than 10 percent of the 1.3 million people who are legally blind in the United States are Braille readers. Further, a mere 10 percent of blind children are learning it." A REPORT TO THE NATION BY THE NATIONAL FEDERATION OF THE BLIND, JERNIGAN INSTITUTE, THE BRAILLE LITERACY CRISIS IN AMERICA 1 (National Federation of the Blind, 2009), https://www.nfb.org/images/nfb/documents/pdf/braille_literacy_report_web.pdf; NEIL BERNSTEIN, NLS: THAT ALL MAY READ – THE FUTURE OF BRAILLE: NLS BRAILLE SUMMIT PRESENTATIONS AND OUTCOMES Section 3.2.1. (National Library Service for the Blind and Print Disabled 2014), https://www.loc.gov/nlsold/other/futureofbraille.html ("only 10 percent of blind individuals learn to read Braille").

## VI.    Plaintiff's Proposed Classes Are Improper and His Class Allegations Must be Stricken.

All of Plaintiff's claims should be dismissed for lack of standing and failure to state a claim. In addition, or in the alternative, significant authority also supports a district court's ability to strike class claims pursuant to a Rule 12(f) motion where a class is unascertainable and the requirements for class certification are not met on the face of the pleadings. *See* Fed. R. Civ. P. 23(d)(1)(D) (the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons"); *John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("The existence of an ascertainable class of persons to be represented by the proposed class . . . is an implied prerequisite of Federal Rule of Civil Procedure 23. Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."). *See also Woods-Early v. Corning Inc.*, 330 F.R.D. 117, 122-24 (W.D.N.Y. 2019) (holding that "a motion to strike class allegations is procedurally permissible at the pleading stage" and conducting commonality analysis on pleadings alone); *Davis v. Navient Corp.*, No. 17-CV-00992, 2018 WL 1603871, at *4 (W.D.N.Y. Mar. 12, 2018) (quoting *McCrary v. Stifel, Nicolaus, & Co.*, 687 F.3d 1052, 1059 (8th Cir. 2012)) (dismissing class claims at pleadings stage; "class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6)  motion"); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 947 (6th Cir. 2011) (dismissing class allegations at 12(b)(6)  stage where "no common legal issues favor a class-action approach to resolving this dispute"); *Ross v. Port Chester Hous. Auth.*, No. 17-CV-4770, 2019 WL 4738941, at *3 (S.D.N.Y. Sept. 27, 2019) (class allegations dismissed before Plaintiff moved for class action certification; "Plaintiff's [amended complaint] falls woefully short of the pleading requirements necessary for class certification."). Because Plaintiffs' proposed classes cannot meet

the criteria for class certification, if Plaintiff's claims are not dismissed then, at a minimum, all class action allegations should be stricken from the Amended Complaint.

### A.    Plaintiff's Proposed Classes Are Unascertainable.

The Second Circuit requires that purported classes meet an "ascertainability" threshold. This is an "implied" requirement that ensures that "the description of a [class] is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Mental Disability Law Clinic v. Hogan*, No. CV-06-6320, 2008 WL 4104460, at *17 (E.D.N.Y. Aug. 8, 2008). The inquiry asks if "a court can determine who belongs to the class by reference to objective criteria" because "the exact membership of the class must be ascertainable at some point in the case." *Id.* A class is unascertainable, by contrast, when "numerous fact-intensive questions would have to be answered to determine whether an individual was a member." *Id.*; *Barrus v. Dick's Sporting Goods, Inc.*,732 F. Supp. 2d 243, 250 (W.D.N.Y. 2010) (class definition is impermissibly unascertainable where "it is not based upon objective criteria and, instead, would require the court to make a merits determination for each potential class member just to determine class membership").

Plaintiff's class descriptions are unascertainable because they are based on a subjective and vague element – specifically, individuals who "would like" access to WFM gift cards. This creates a fact-intensive question, especially when considering the small percentage of visually-impaired individuals who are Braille-literate, and is impermissibly subjective when compared to other ascertainable classes. Plaintiff's proposed classes are fatally subjective, rendering his class allegations subject to being stricken at this stage. Compare *Forst v. Live Nation Ent. Inc.*, No. 14-2452, 2015 WL 858314, at *6 (D. N.J. Feb. 27, 2015) (striking members from class allegations at pleadings stage where "[t]here appears to be no reliable and administratively feasible means of

identifying" how they meet the description; rejecting plaintiff's proposal that membership be determined by members' affidavits and "say so") with *McPeaks v. S-L Dist. Co., Inc.*, No. 12-348, 2014 WL 4388562, at *10 (D. N.J. Sept. 5, 2014) (conducting ascertainability analysis at pleadings stage; class valid where could be "ascertained through objective methods"); *Daniels v. City of N.Y.*, 198 F.R.D. 409, 412 (S.D.N.Y. 2001) (class found ascertainable; "[a]ll persons who have or will be subjected . . . to defendants' policy, practice and/or custom of illegally stopping and or frisking persons within the City of New York").

Plaintiff's proposed class description is also unascertainable because it fails to specify any particular injury members must have suffered but instead consists of those who, in a conclusory fashion, "have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations" because of a lack of a WFM Braille-embossed gift card. A class description that merely incorporates the language of the statute in question "cannot create an ascertainable class, because it would require inquiry into the merits of each potential class member's claim." *Felix v. Northstar Location Servs., LLC*, 290 F.R.D. 397, 402 (W.D.N.Y. 2013).

In *Felix*, the plaintiff's proposed class definition "merely parrot[ed] the language of the FDCPA," the applicable statute, providing that "a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt." *Id.* at 409 n.2. Because the class description substantively consisted of little more than the exact language of the statute, the court declined to certify the class, stating that it would need to "determine whether [each member] had been the victim of a false representation or deceptive means." *Id.* at 402 (internal citations omitted).

Plaintiff's class descriptions suffer from the same defect. They include those blind or visually-impaired customers who allegedly felt "denied access" for lack of a Braille-embossed

21

WFM gift card, but fail to contemplate those who proceed on to shop with a credit or debit card, cash, etc.  The Court must then determine, at a minimum, which aspects of WFM's brick and mortar locations class members were denied access to, whether each member was denied effective communication with respect to WFM gift cards, and whether each member is Braille-literate to render the relief sought by Plaintiff relevant, in order to determine the composition of the classes. Each of these determinations is particularly fact-intensive, requiring the Court to undertake a case-by-case analysis and further casting doubt on the ascertainability of each class. *See West,* 2015 WL 8484567, at *2 ("The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place.") (citation omitted).  Such a proposed class is untenable even at this early stage.  *See Schilling v. Kenton County, Ky.*, No. 10-143, 2011 WL 293759, at *6-7 (E.D. Ky. Jan. 27, 2011) (class claims dismissed at pleading stage as unascertainable; "the named plaintiffs are not part of a sufficiently definite group . . . harmed in a particular way by a specific policy"); *Goel v. Coalition Am. Holdings Co. Inc.*, No. CV 11-2349, 2011 WL 13128300, at *8-9 (C.D. Cal. July 5, 2011) (same; class definition impermissibly vague for using imprecise terms).

Additionally, Plaintiff and presumably each purported class member seeks monetary damages under the NYSHRL and NYCHRL, creating an additional fact-intensive hurdle. The *Hogan* Court noted the absence of such requested relief as critical to its decision to certify a class. *See Hogan,* 2008 WL 4104460, at *18. ("because only declaratory and injunctive relief is sought, individual assessments of disability need not be made. Accordingly, the ascertainability criteria is satisfied.")

22

### B.       Plaintiff's Proposed Description Also Creates Improper Fail-Safe Classes.

Plaintiff's proposed class descriptions constitute an impermissible fail-safe class as well. A fail-safe class is one in which "either the class members win or, by virtue of losing, they are not in the class, and therefore not bound by the judgment." *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 357 (W.D.N.Y. 2014). Such classes are impermissible because "it is unfair to defendants, it prevents an adverse judgment being entered against plaintiffs, and it is unmanageable because the members of the class could only be known after a determination of liability." *Id.*

Plaintiff's proposed class descriptions, for the national, state, and city classes, is "all legally blind individuals in the United States who would like independent access to Defendant's store gift cards and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations." *Compl.*, ¶ 47. But "denial of access" is precisely what Title III of the ADA prohibits. As this is a class requirement, Plaintiff's proposed classes are improper fail-safe classes. *See Hicks*, 35 F. Supp. 3d at 356 (fail-safe class where class was defined as all employees "who were not provided wage statements . . . as required by [N.Y. wage law]"); *Spread Enters., Inc. v. First Data Merch. Servs. Corp.*, 298 F.R.D. 54, 69 (E.D.N.Y. 2014) (same where class was defined as merchants who were "charged excessive fees" in case alleging that credit card processor and bank impermissibly overcharged merchants for transactions).  Moreover, this determination can and should be made now, and Plaintiff's class action allegations should be stricken. *Schilling*, 2011 WL 293759, at *6 (dismissing class at pleadings stage because description created fail-safe class; such a class would require court to "conduct a merits-based inquiry of each individual's claim" to determine membership); *Kissling v. Ohio Cas. Ins. Co.*, No. 5:10-22, 2010 WL 1978862, at *2-3 (E.D. Ky. May 14, 2010) (dismissing class at pleadings stage where "if the putative class member is in fact a member of the class, then he necessarily prevails on his claim").

23

C.     **Finally, Plaintiff Has Failed to, and Cannot, Allege Facts to Support Numerosity.**

Plaintiff pleads no facts to suggest how numerosity could reasonably be established for his purported classes, and his class allegations should be stricken. Courts in the Second Circuit decline to allow vague hearsay statements and speculative assertions to prove numerosity. *See Pecere v. Empire Blue Cross and Blue Shield*, 194 F.R.D. 66, 72 n.1 (E.D.N.Y. 2000). But because membership in Plaintiff's classes is based on the class-member's intrinsic wishes – those who "would like" access to gift cards – it will be impossible for Plaintiff to ever provide empirical data supporting numerosity. *See Middendorf v. West Chester Hosp., LLC*, No. 1:15-CV-439, 2017 WL 3172736, at *2 (S.D. Ohio July 26, 2017) ("An unsuccessful class definition is one that is based on subjective standards or terms that depend on resolution of the merits.").  Additionally, because "denial of access" can take many forms under Title III of the ADA depending on the type of auxiliary aid employed, each class member's ability to communicate and to read Braille, and each class member's specific encounter with WFM related to its gift cards, fatally undermine Plaintiff's ability to ever prove numerosity.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety and with prejudice, or, in the alternative, strike Plaintiff's Class Action Allegations.

4831-5672-8753v7
2922176-000072

Respectfully submitted this the 16th of January, 2020,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

/s/ David E. Gevertz
David E. Gevertz (Admitted *Pro Hac Vice*)
Georgia Bar No. 292430
3414 Peachtree Road, NE, Ste 1600
Atlanta, Georgia 30326
Telephone: 404-221-6512
Facsimile: 678-406-8816
dgevertz@bakerdonelson.com

Matthew S. Mulqueen (NY Bar No. 4763386)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: 901-526-2000
Facsimile: 901-577-2303
mmulqueen@bakerdonelson.com

Savannah R. Dabney (Admitted *Pro Hac Vice*)
Tennessee BPR No. 036779
265 Brookview Centre Way, Ste 600
Knoxville, Tennessee 37919
Telephone: 865-971-5170
Facsimile: 865-329-5170
sdabney@bakerdonelson.com

*Attorneys for Defendant*

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 16th day of January 2020, the foregoing pleading and attachments were served on all parties of record by filing same with the Court's CM/ECF system.

<div style="margin-left: 40%;">

/s/ David E. Gevertz
David E. Gevertz (Admitted *Pro Hac Vice*)
Georgia Bar No. 292430

*Attorney for Defendant*

</div>

4831-5672-8753v7
2922176-000072