USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRY TUCKER, *on behalf of himself and all other persons similarly situated*,

Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,

Defendant.

---

No.   19-CV-9842 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Henry Tucker, who is legally blind, brings this action on behalf of himself and all other persons similarly situated against Defendant Whole Foods Market Group, Inc.  He alleges violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, as well as violations of state and municipal law, on the basis that Whole Foods fails to sell Braille-embossed gift cards for visually impaired people.  Now before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the following reasons, Defendant's Rule 12(b)(1) motion is granted and the Court therefore does not address Defendant's alternative arguments under Rule 12(b)(6).

## BACKGROUND[1]

Plaintiff, who resides in New York, "is a visually-impaired and legally blind person who requires Braille, which is a tactile writing system, to read written material, including books, signs, store gift cards, credit cards, etc."  Compl. ¶¶ 2, 16.  Defendant, "one of the largest grocery

---

[1] The Court draws the following facts from Plaintiff's amended complaint, *see* Dkt. 20, and accepts them as true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

retailers in the United States," has several stores in New York, one of which is located a block away from Plaintiff's residence.  *Id.* ¶¶ 17-19.

Among many other things, Defendant sells gift cards.  According to Plaintiff, "Defendant's store gift card is treated like cash in that it may be used to make a purchase of goods and services at the Defendant's grocery locations or through the Defendant's website."  *Id.* ¶ 20.  On October 21, 2019, Plaintiff contacted Defendant to "inquire[] if Defendant sold store gift cards containing Braille in order that he may purchase one."  *Id.* ¶ 11.  He "was informed by Defendant's employees that Defendant does not sell store gift cards containing Braille."  *Id.* Plaintiff asserts that he could not otherwise "locate Braille store gift cards offered by the Defendant for sale to purchase."  *Id.* ¶ 12.

As a result, he alleges that "[he] and visually-impaired persons have been and are still being denied equal access to Defendant's grocery stores and the numerous goods, services, and benefits offered to the public through the Defendant's store gift cards."  *Id.* ¶ 27; *see also id.* ¶ 22 ("The Plaintiff has been deterred from shopping at Defendant's grocery stores due to the lack of Braille Gift Cards.").  Plaintiff avers that he would "immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards containing Braille" and will subsequently "utilize it at Defendant's store located close to [his] residence."  *Id.* ¶ 13; *see also id.* ¶ 30 (alleging that, upon purchase of a gift card, he would "shop at Defendant's store located at 250 7th Avenue, New York, New York").

On October 24, 2019, Plaintiff filed this action.  He filed an amended complaint – here, the operative complaint – on January 2, 2020.  Dkt. 20.  Plaintiff "seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's store gift cards will become and remain accessible to blind and visually-impaired

2

consumers." Compl. ¶ 5.  On January 16, Defendant filed the instant motion to dismiss, Dkt. 21, which Plaintiff opposed on February 6, Dkt. 28.  Defendant filed its reply on February 14.  Dkt. 31.[2]  On June 5, the Court held oral argument by telephone, in light of the ongoing public health crisis.

## LEGAL STANDARD

"At the outset," the Court "ha[s] an independent obligation to determine whether federal jurisdiction exists in this case." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 48 (2d Cir. 2012).  "A district court may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Sci., LLC v. Navidea Biopharm., Inc.*, 943 F.3d 613, 618 (2d Cir. 2019).

At this stage, "the proper procedural route" to challenge standing "is a motion under Rule 12(b)(1)." *All. for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006).  "The standard of review for 12(b)(1) motions is 'substantively identical' to Rule 12(b)(6) motions," *Alphas v. City of N.Y. Bus. Integrity Comm'n*, No. 15-CV-3424 (ALC), 2017 WL 1929544, at *2 (S.D.N.Y. May 9, 2017), but with the critical difference that the burden is on the plaintiff asserting subject matter jurisdiction to "prov[e] by a preponderance of the evidence that [subject matter jurisdiction] exists," *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  To resolve a motion to dismiss under Rule 12(b)(1), a court "may refer to evidence outside the pleadings." *Id.*

---

[2] Defendant also filed a motion to strike Plaintiff's declaration, *see* Dkt. 29, which was attached as an exhibit to his opposition brief, *see* Dkt. 28, Ex. F.  Plaintiff subsequently "agree[d] to withdraw the Declaration," and "Defendant acknowledge[d] that this withdrawal renders the pending Motion to Strike moot." Dkt. 32.  Plaintiff further agreed to strike the references to his declaration in his opposition brief. *Id.*  Plaintiff explained that he "consents to withdraw[ing] the Declaration because . . . the statements in the Declaration are stated or otherwise pled in the First Amended Complaint." *Id.*  In light of the parties' agreement on this matter, the Court resolves the pending motion to dismiss without considering Plaintiff's declaration.

## DISCUSSION

Plaintiff brings this action seeking a ruling that Title III of the ADA requires public accommodations, such as Defendant, to offer Braille-embossed – or otherwise accessible – gift cards.  Within the past year, a flood of filings in this district have raised this question.  To date, however, only Judges Schofield, Woods, and Aaron have addressed it.  *See Dominguez v. Taco Bell Corp.*, No. 19-CV-10172 (LGS), 2020 WL 3263258 (S.D.N.Y. June 17, 2020); *Dominguez v. Foot Locker, Inc.*, No. 19-CV-10628 (SDA) (S.D.N.Y. May 12, 2020); *Dominguez v. Banana Republic, LLC*, No. 19-CV-10171 (GHW), 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020).  Simultaneous with this filing, the Court issued an opinion in *Thorne v. Boston Market Corp.*, No. 19-CV-9932 (RA) (S.D.N.Y. June 29, 2020), concluding, as Judges Schofield, Woods, and Aaron did, that a public accommodation has no duty to offer Braille-embossed – or otherwise accessible – gift cards under the ADA.  The Court dismisses this action, however, for another reason: Plaintiff lacks standing to bring it.  *See All. for Envtl. Renewal, Inc.*, 436 F.3d at 85 ("[T]he jurisdictional issue must be resolved before the merits issue[.]").  Because Plaintiff lacks standing, the case is dismissed pursuant to Rule 12(b)(1), and the Court need not address the ADA-gift card issue on the merits.

## I.     Standing

### A.  Law

For the Court to adjudicate this matter, Plaintiff must establish that he has standing under Article III of the Constitution.  *See Cortlandt St. Recovery Corp. v. Hellas Telecommc'ns*, 790 F.3d 411, 417 (2d Cir. 2015) ("In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant

within the meaning of Art. III." (citation omitted)).  To do so, Plaintiff must demonstrate that he

suffered "(1) an injury-in-fact; (2) that is fairly traceable to the challenged conduct of the

defendant; and (3) that can likely be redressed by a favorable decision."  *Mantena v. Johnson*,

809 F.3d 721, 731 (2d Cir. 2015).  An "injury in fact" must be both "concrete and particularized"

and "actual or imminent, not conjectural or hypothetical."  *Lujan v. Defs. of Wildlife*, 504 U.S.

555, 560 (1992).

In the ADA context, as is relevant here, an injury in fact is established where (1) the

plaintiff "allege[s] past injury under the ADA"; (2) "it is reasonable to infer from [the] complaint

that this discriminatory treatment will continue"; and (3) "it is also reasonable to infer, based on

the past frequency of [the plaintiff's] visits and the proximity of [the public accommodation] to

[his] home, that [he] intends to return to [the public accommodation] in the future."  *Camarillo v.

Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008).  As such, plausibly alleging standing under the

ADA requires a plaintiff to show not only that he "encountered barriers at [the] public

accommodation[] prior to filing the[] complaint[]," but also that he has "a plausible intention or

desire to return to the place but for the barriers to access."  *Small v. Gen. Nutrition Co.*, 388 F.

Supp. 2d 83, 86-87 (E.D.N.Y. 2005); *see also Kreisler v. Second Ave. Diner Corp.*, No. 10-CV-

7592 (RJS), 2011 WL 4686500, at *1 (S.D.N.Y. Oct. 5, 2011) ("[A] plaintiff seeking injunctive

relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood

of future harm.").

### B.  Application

Plaintiff has plausibly alleged the first two elements of the applicable standing analysis –

a past injury under the ADA and a reasonable inference that the discriminatory condition will

continue.  Plaintiff, however, has failed to plausibly allege an intent to return because he has not

indicated that he has ever shopped at Whole Foods in the past or has any habits or practices that suggest a genuine interest in shopping at Whole Foods in the future.

As an initial matter, Plaintiff alleges that he was injured when he tried to purchase a Braille-embossed gift card from Defendant on October 21, 2019, but was told that Defendant does not sell them. *See* Compl. ¶ 11. Although Plaintiff learned over the phone – not at one of Defendant's stores – that Defendant does not sell Braille-embossed gift cards, that fact is not dispositive here. "In the context of the ADA, awareness of discriminatory conditions, and the avoidance of a public accommodation because of that awareness, is injury in fact." *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 167 (S.D.N.Y. 2006). The rationale for this is that "deterrence constitutes an injury under the ADA" and thus an ADA plaintiff "need not attempt to overcome an obvious barrier" to plausibly allege a past injury. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013). And while the Court held in *Thorne v. Boston Market Corp.*, No. 19-CV-9932 (RA) (S.D.N.Y. June 29, 2020), that a public accommodation does not violate the ADA by failing to provide Braille-embossed gift cards to visually impaired people, the standard for assessing injury in a jurisdictional analysis is distinct from doing so in an analysis on the merits. *See Bond v. United States*, 564 U.S. 211, 219 (2011) ("[T]he question whether a plaintiff states a claim for relief 'goes to the merits' in the typical case, not the justiciability of the dispute."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction[.]"). Irrespective of whether Plaintiff has a "valid" ADA claim on the merits, the Court must first determine whether Plaintiff has an "arguable" claim sufficient to confer jurisdiction. *Steel Co.*, 523 U.S. at 89.

In both *Dominguez v. Banana Republic, LLC*, and *Dominguez v. Taco Bell Corp.*, Judges

Woods and Schofield, respectively, conducted a similar standing analysis.  There too, the

plaintiffs sought to purchase gift cards from the defendants over the phone.  Both judges

concluded that the plaintiffs had plausibly alleged a past injury because they had "directly

encounter[ed] the alleged disability-based discrimination."  *Banana Republic, LLC*, 2020 WL

1950496, at *3; *see also Taco Bell Corp.*, 2020 WL 3263258, at *2 ("The FAC satisfies the past

injury requirement by alleging that Plaintiff encountered a barrier when he requested and was

denied a braille gift card and was not offered any auxiliary aid.").  The Court finds this analysis

persuasive and adopts it here.

Plaintiff has also plausibly alleged that Defendant has no intention of starting to sell

Braille gift cards.  *See* Compl. ¶ 10.  For purposes of this analysis, "it is reasonable to infer from"

this allegation that Defendant's alleged "discriminatory treatment will continue."  *Camarillo*,

518 F.3d at 158.  As such, whether Plaintiff has standing depends on his alleged intent to return

to Defendant's store.  *See ACLU v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015) ("The Supreme

Court has repeatedly reiterated that threatened injury must be *certainly impending* to constitute

injury in fact, and that allegations of *possible* future injury are not sufficient.").  "Intent to return

is a highly fact-sensitive inquiry that incorporates a range of factors," including "the frequency

of the plaintiff's past visits," "the proximity of the defendant's services, programs, or activities to

the plaintiff's home," and "any other factor 'relevant to the calculation' including the plaintiff's

'occupation or demonstrated travel habits.'"  *Ortiz v. Westchester Med. Ctr. Health Care Corp.*,

No. 15-CV-5432 (NSR), 2016 WL 6901314, *5 (S.D.N.Y. Nov. 18, 2016) (quoting *Bernstein v.

City of New York*, 621 F. App'x 56, 58-59 (2d Cir. 2015)).  "In the case of a public

accommodation for which other reasonable substitutes may exist, like restaurants and malls, the

plaintiff must plead facts that tend to show that the plaintiff will likely frequent the area where the public accommodation is located and is interested in what it has to offer." *Hirsch v. Campaniello Soho, Inc.*, No. 14-CV-5097 (LGS), 2015 WL 678662, at *3 (S.D.N.Y. Feb. 17, 2015) (rejecting the plaintiff's allegations regarding his intent to return to the furniture store as "conclusory"). "In order to be 'plausible,' a plaintiff's intent to return to the place of the purported violation must also be demonstrated with reasonable specificity; speculative 'some day' intentions to return are insufficient." *Access 4 All, Inc. v. G&T Consulting Co.*, No. 06-CV-13736 (DF), 2008 WL 851918, at *4 (S.D.N.Y. Mar. 28, 2008) (quoting *Lujan*, 504 U.S. at 564).

Here, Plaintiff does not allege facts sufficient to demonstrate that he has a plausible intent to return to Defendant's store. Indeed, Plaintiff does not allege that he *ever* patronized one of Defendant's stores – either in person or online.[3] As Defendant notes, "Plaintiff's claims are devoid of any reference to any physical interaction he had with a [Whole Foods] location." Def.'s Mot. at 6. And "the past frequency of h[is] visits" to Defendant's stores is highly relevant to this analysis. *Camarillo*, 518 F.3d at 158. In the ADA context, courts have taken into account a plaintiff's past patronage of the public accommodation in concluding that future patronage is plausible. *See, e.g.*, *Grella v. Avis Budget Grp., Inc.*, No 14-CV-8273 (CM), 2016 WL 638748, at *4 (S.D.N.Y. Feb. 11, 2016) (holding that "Plaintiff's conditional intention to return to Zipcar is plausible because he was previously a member and liked the service it provided"); *Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, No. 01-CV-5518 (MBM), 2003 WL 1751785, at *8 (S.D.N.Y. Apr. 2, 2003) (finding the plaintiffs' "desire to return to Jean Georges

---

[3] The closest that the complaint comes to alleging that Plaintiff previously visited one of Defendant's stores is its assertion that Defendant's failure to sell Braille gift cards "now deter[s] Plaintiff on a regular basis from visiting Defendant's brick-and-mortar store locations." Compl. ¶ 9. The Court cannot infer from this language how frequently – if at all – Plaintiff patronized Defendant's stores. And while Plaintiff's declaration might have offered more facts in this regard, *see* Dkt. 28, Ex. F, Plaintiff withdrew that declaration from the record. *See* Dkt. 32.

is plausible given the fact that they live in New York and have been to the restaurant in the past"). This is equally true in the ADA-gift card context. *See Taco Bell Corp.*, 2020 WL 3263258, at *2 (holding that "the FAC sufficiently pleads Plaintiff's intent to return to Taco Bell" because "Plaintiff has been a Taco Bell customer 'on prior occasions and intends to immediately purchase at least one store gift card from Defendant as soon as the Defendant sells store gift cards that are accessible to the blind'").

Nor has Plaintiff alleged any other facts regarding, for instance, his "interest[s] in what Defendant's store has to offer," *Hirsch*, 2015 WL 678662, at *4, that might assist the Court in deciphering whether he has a genuine intent to visit one of Defendant's stores upon the alleged ADA violation being remedied. Certain facts, such as whether Plaintiff regularly shops at grocery stores or enjoys any particular products sold by Defendant, could create a reasonable inference that Plaintiff would patronize the stores in the future. In *Kreisler v. Second Avenue Diner Corp.*, 731 F.3d 184 (2d Cir. 2013), for instance, the plaintiff argued that the defendant did not provide sufficient access to its diner because it lacked a ramp to enter. Affirming the district court's finding that the plaintiff had standing, the Second Circuit cited certain allegations, including that plaintiff had "first passed by the Diner in 2008," "passes by it three to four times a week," "lives within several blocks of the Diner," and "frequents other restaurants in his neighborhood." *Id.* at 186, 188. Without such facts in the complaint, Plaintiff has failed to allege that he has a plausible interest in visiting one of Defendant's stores and/or using a Braille-embossed gift card there.

Rather, in arguing that he has standing, Plaintiff appears to rely solely on the allegation that he lives a block away from one of Defendant's stores, together with his conclusory assertion that he "intends to immediately purchase at least one store gift card from the Defendant as soon

as the Defendant sells store gift cards containing Braille and utilize it at Defendant's store located close to Plaintiff's residence."  Compl. ¶ 13.  In response to Defendant's contention that he has failed to demonstrate an intent to return, Plaintiff again merely asserts that he "has stated he would return once the barrier is removed" and that he "lives within one block from one of the over 13 Whole Foods stores in the New York metro area."  Pl.'s Opp. at 8-9.  The fact that Plaintiff lives near one of Defendant's stores, however, is not enough to demonstrate a plausible intent to return.  "[W]hile proximity is relevant to the determination of a plaintiff's intent to return to an accommodation in the future, it is insufficient, on its own, to establish Title III's requirements for . . . [the] 'intent to return' requirement[.]"  *Small*, 388 F. Supp. 2d at 90.  And stating broadly – as Plaintiff does – that he has an "[i]ntent to return to the place of injury 'some day' is [also] insufficient."  *Id.* at 87 (quoting *Lujan*, 504 U.S. at 564); *see also Hirsch*, 2015 WL 678662, at *4 ("The only remaining fact in support of Plaintiff's intent to return – his mere allegation that he wishes to return to Defendants' furniture store – does not, without more, establish a 'plausible intention to return to the' store.").

   *Small v. General Nutrition Companies, Inc.*, 388 F. Supp. 2d 83 (S.D.N.Y. 2005), is instructive here.  There, the plaintiffs alleged that several GNC stores in New York City failed to provide sufficient access to persons with disabilities under the ADA.  In determining whether the sole individual plaintiff had standing, the court noted that he "regularly purchases vitamins and other nutritional supplements and that he has purchased such products from various GNC stores"; he "lives in the immediate neighborhood of defendant's store"; and he "regularly travels in the immediate vicinity of several of the GNC stores in New York City."  *Id.* at 87-88 (internal quotation marks omitted).  The individual plaintiff also asserted that he "will continue to purchase products from various GNC stores along his usual routes of travel."  *Id.* (internal

quotation marks omitted).  Despite these allegations, the court concluded that the individual plaintiff lacked standing to sue GNC stores, except for the one that he "has lived near . . . for many years" and from which he "frequently purchases GNC products."  *Id.* at 89.  It explained that the individual plaintiff's "general desire to patronize GNC stores" was insufficient and that he must allege "that but for the barrier at a particular store, he would visit that store in the imminent future."  *Id.*

Plaintiff here has not alleged nearly as many facts as in *Small*.  Moreover, as noted by the court in *Small*, a plaintiff's "general desire to patronize [a defendant's] stores" once the store has become ADA compliant is not alone adequate to demonstrate a plausible intent to return.  *Id.* This is particularly true where there are no allegations that Plaintiff has previously patronized Defendant's stores.  *See Castillo v. John Gore Org., Inc.*, No. 19-CV-388, 2019 WL 6033088, at *6 (E.D.N.Y. Nov. 14, 2019) (concluding that the plaintiff's "inten[t] to take advantage of the facilities offered by Defendant in the future once the access barriers are remedied" is a "broad allegation [that] is not enough to raise a reasonable inference that she intended to visit the defendant's theatre in the future").

The intent-to-return requirement is a critical component of the standing analysis under the ADA.  It assists in ensuring that the alleged injury for which injunctive relief is sought is "imminent, rather than conjectural or hypothetical."  *Id.* at *4; *see also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) ("Plaintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury.").  Because the Court cannot reasonably infer based on his allegations that Plaintiff intends to return to one of Defendant's stores in the future, Plaintiff has not met his burden of proving that he has standing. Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted.

**CONCLUSION**

For the foregoing reasons, Defendant's motion is granted, albeit without prejudice.

Because the Court dismisses Plaintiff's ADA claim for lack of standing, "it lack[s] jurisdiction to

adjudicate [Defendant's] alternative motion to dismiss for failure to state a claim."  *Harty v.

Simon Prop. Grp., L.P.*, 428 F. App'x 69, 72 (2d Cir. 2011).  Should Plaintiff choose to amend,

he shall review the Court's decision in *Thorne v. Boston Market Corp.*, No. 19-CV-9932 (RA)

(S.D.N.Y. June 29, 2020), and determine if he has a good faith basis to do so.  Any amended

complaint shall be filed no later than July 13, 2020.  The Clerk of Court is respectfully directed

to terminate the motions pending at docket entries 12, 21 and 29.

SO ORDERED.

Dated:     June 29, 2020
           New York, New York

                                                    _____
                                                    Ronnie Abrams
                                                    United States District Judge